UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>VARANDA GROUP, INC.,<br><br>      Defendant. | Civil Action No.: 18-cv-7971<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Arch Specialty Insurance Company("Arch") by way of Complaint against Defendant, Varanda Group, Inc. ("Varanda"), states as follows:

## NATURE OF ACTION

1. Arch brings this action against Varanda for breach of contract, unjust enrichment, and account stated as a result of Varanda's failure to remit payment to Arch for premium owed pursuant to the terms and conditions of Commercial General Liability insurance policy number AGL0028785-00 issued to Varanda for the Policy Period August 21, 2015 to August 21, 2016 (the "Policy").

## PARTIES

2. Arch is an insurance company organized under the laws of the State of Missouri with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.

3. Varanda is a corporation organized under the laws of the State of Florida with a principal place of business at 2405 Coolidge Ave, Orlando, Florida 32804.

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.

5. The amount in controversy exceeds $75,000.

## **COUNT ONE**
(Breach of Contract)

6. Arch repeats, restates and reallages the allegations set forth in Paragraphs 1 through 5 as if fully set forth at length herein.

7. The Policy is an insurance contract which provides insurance coverage for certain liabilities of Varanda, as set forth in the Policy, in exchange for premiums.

8. Arch fulfilled its contractual obligations and provided the coverage afforded by the Policy.

9. Pursuant to the terms of the Policy, the initial premiums were based on information submitted by Varanda and/or its insurance agent/broker on behalf of Varanda regarding Varanda's estimated exposure for the effective dates of coverage.

10. Because initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured or return of premiums due to the insured from the insurer.

11. The audit of the Policy produced additional premium of $256,795.00 ("Additional Premium") owed by Varanda to Arch.

12. Varanda failed and refused to remit payment of the $256,795.00 owed to Arch pursuant to the terms of the Policy.

13. Arch billed and/or issued demands for payment for the outstanding amount to Varanda in a timely fashion.

14. Varanda is also obligated to pay certain taxes and fees ("Taxes and Fees"). This generated an additional $13,289.14 in Taxes and Fees owed by Varanda.

15. Varanda has failed and refused to remit payment of the Additional Premium and Taxes and Fees which it owes to Arch pursuant to the terms of the Policy.

16. Arch, on numerous occasions prior to filing the instant litigation, demanded payment of the Additional Premium and Taxes and Fees owed by Varanda and attempted to collect same without success.

17. Through its failure and refusal to remit payment of the Additional Premium and Taxes and Fees, Varanda breached the contract between Varanda and Arch, *i.e.* the Policy.

18. Varanda has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in an amount not less than $270,084.14, plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against Varanda in an amount no less than $270,084.14, together with all required taxes and fees, interest, attorneys' fees, costs of suit, and such further relief as this Court deems just and proper.

### COUNT TWO
(Unjust Enrichment)

19. Arch repeats, restates and reallages the allegations set forth in Paragraphs 1 through 18 as if fully set forth at length herein.

20. Arch has provided insurance coverage and related services to Varanda under the Policy for which Varanda has refused to pay and has been unjustly enriched thereby.

21. Arch has repeatedly demanded that Varanda remit payment of the amount due and owing to Arch.

22. ECI has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby unjustly enriching Varanda and causing Arch to suffer damages in an amount not less than $270,084.14, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against Varanda in an amount no less than $270,084.14, together with all required taxes and fees, interest, attorneys' fees, costs of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

23. Arch repeats, restates and reallages the allegations set forth in Paragraphs 1 through 22 as if fully set forth at length herein.

24. Varanda, being indebted to Arch in the sum of $270,084.14 under the Policy upon an account stated between them, promised to pay Arch said sum on demand.

25. Arch duly issued and sent to Varanda audit statements and invoices for the Additional Premium and Taxes and Fees, which set forth all items charged to Varanda for the Additional Premium and Taxes and Fees due and owing by Varanda to Arch.

26. Varanda received audit statements and invoices without giving protest or indication that they were erroneous in any respect, thereby acknowledging the amount of the Additional Premium and Taxes and Fees.

27. Arch has repeatedly demanded that Varanda remit payment of the amount owed to Arch. Varanda, however has failed and refused to remit payment.

28.     Varanda's failure and refusal to pay the acknowledged balance due and owing to Arch has caused Arch to suffer damages in an amount not less than $270,084.14, plus interest, attorney's fees and costs.

**WHEREFORE**, Arch demands judgment against Varanda in the amount of $270,084.14, together with all required taxes and fees, interest, attorneys' fees, costs of suit, and such further relief as this Court deems just and proper.

Dated: New York, New York
      August 31, 2018    ROBINSON & COLE LLP

By:  */s/ Elyor Pogorelskiy*
    J. Gregory Lahr
    Elyor Pogorelskiy
    666 Third Avenue, 20th Floor
    New York, New York 10017
    Telephone: (212) 451-2900
    Facsimile: (212) 451-2999
    E-mail: glahr@rc.com
    E-mail: epogorelskiy@rc.com

*Attorneys for Plaintiff Arch Specialty Insurance Company*